UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RONALD HAYNES,

                Petitioner,

        -against-

**MEMORANDUM & ORDER**

05 CV 5997 (RJD)

JOHN W. BURGE,
    Superintendent, Elmira Correctional Facility,


                Respondent.
--------------------------------------------------------x
DEARIE, District Judge.

      Petitioner Ronald Haynes was apprehended in his vehicle just after purchasing marijuana from an undercover. As he was being stopped, he was observed closing the car's center console, and in the ensuing search police found a loaded .25 caliber pistol there as well as marijuana on the passenger seat and in Haynes's pants pocket. Haynes was indicted for criminal possession of a weapon in the third and fourth degrees and unlawful possession of marijuana. Following his plea of guilty to the third degree weapons possession count, Haynes was adjudicated a persistent violent felony offender on the basis of two prior convictions and sentenced to the negotiated term of thirteen years to life.

      In his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Haynes claims (i) that he was improperly adjudicated a persistent violent felony offender on the ground that one of the two predicate convictions is not a valid qualifying felony, (ii) that New York's persistent violent felony offender statute violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000),

and (iii) that his attorney rendered ineffective assistance in connection with his plea and sentence. For the reasons that follow, the application is denied and the petition is dismissed.

## BACKGROUND

A.  **Plea and Persistent Violent Felony Adjudication**

At the first calendar call on March 23, 2004, Haynes turned down an offer to plead to the third-degree weapons count in exchange for a recommended sentence of 12 years to life. On April 20, 2004, defense counsel advised the court that his client was reconsidering the plea offer and wished to confer before proceeding with the suppression hearing scheduled for that day. Granting a brief recess, the court also reviewed with Haynes the strength of the evidence against him and his sentencing exposure. Defense counsel then advised the court that he had "spent 15 minutes" with Haynes and his wife "discuss[ing] all of the options that he has." Counsel said that he "indicated to [Haynes] what his exposure would be" and "what [he] thought his chances were at the hearings and trial," and that Haynes had now elected to take the offer. During the allocution, however, Haynes did not admit his factual guilt so the plea was aborted and the hearing commenced.[1]

Following the testimony of the prosecution's first witness, defense counsel told the court that his client again wished to plead. The court stated that the sentencing minimum would be increased to 13 years from the pre-hearing offer of 12, and Haynes agreed. The court advised Haynes of the various constitutional rights he would be forfeiting, including the right to appeal;

---

[1] The fact that the gun was recovered from the vehicle rather than Haynes's person was apparently the obstacle, leading the court to review with Haynes the concept of constructive possession, but Haynes still did not admit that he placed the gun in the car.

2

Haynes stated that he understood, and that he had reviewed the plea agreement with his attorney and understood it; and Haynes admitted that he placed the loaded gun in his car's console.

Upon the court's acceptance of the plea, the parties proceeded to the persistent violent felony adjudication. The prosecution furnished the CPL Article 400 statement listing the prior felony convictions alleged to qualify as predicates, which provided as follows:

> *PLEASE TAKE NOTICE that upon information presently available the District Attorney of the County of Kings hereby charges that [Haynes] has previously been convicted of:*

| CRIME | PREDICATE VFC | DATE OF SENTENCE | JURISDICTION |
|---|---|---|---|
| CPW 3 D | N | 05/02/90 | Supreme Court Kings |
| MANSLAUGHTER BFEL | Y | 09/22/92 | Supreme Court Kings |

It is not disputed that the entries refer to a 1990 conviction for criminal possession of a weapon in the third degree—a D felony, according to the statement—and a 1992 conviction for manslaughter in the first degree—a B felony. The statement also provides that "[e]ach conviction shown above which occurred within the State of New York is a felony," and that "[e]ach conviction designated above as a 'Predicate VFC' is a predicate violent felony conviction as defined in paragraph (b) of subdivision one of Penal Law Section 70.04."[2]

The gravamen of this application for habeas relief, and the driving force of years of post-conviction litigation in the state courts (to be addressed shortly), is the "N" beside the weapons

---

[2] The relevant statutory scheme is discussed *infra* at note 5.

3

possession conviction, which on its face indicates that that crime is *not* a violent felony under New York law.

During the Article 400 examination, however, both convictions were referred to as "violent" felonies without remark or mention of the "N":

> CLERK: Mr. Haynes, you have been provided with a statement by the District Attorney according to Article 400 Criminal Procedure Law and Article 70 of the Penal Law which states that you have been convicted and sentenced on prior violent felonies. . . [namely] on May 2nd, 1990, you were convicted of Criminal Possession of a Weapon in the Third Degree. . . [a]nd on September 22, 1992, you have a judgment against you on Manslaughter in [the] First Degree
>
> . . . you may admit, deny or stand mute as to whether you're the person that was convicted and sentenced on those felonies as recited in the statement.
>
> If you wish to controvert that statement, including any violation of your constitutional rights, you may state your grounds and you will be entitled to a hearing before this Court…
>
> Have you received a copy of that statement Mr. Haynes?
>
> HAYNES: Yes.
>
> CLERK: Have you discussed that with your attorney?
>
> HAYNES: Yes.
>
> CLERK: Do you admit that you are the person convicted of those felonies?
>
> HAYNES: Yes.
>
> CLERK: Finally, do you wish to challenge the constitutionality of the prior convictions in any way?
>
> HAYNES: No.

The court then stated that it "finds, by the defendant's admission in open Court, upon the advice of counsel[,] that he is a mandatory persistent violent felony offender." At sentencing on May 13, 2004, the district attorney, defense counsel and Haynes each declined to make a statement, and the court imposed the "promised sentence of 13 years to life."[3]

**B.    Procedural History**

The claims that Haynes advances in his habeas petition have received considerable attention in the state court.

1. <u>Commencement of His Direct Appeal.</u>  On June 3, 2004 and again on November 16, 2004, Haynes filed notices of appeal with the Second Department that were timely or deemed so.[4]  Three years would pass, however, before the appeal was perfected.

2. <u>The First Application for State Post-Conviction Relief.</u>  Meanwhile, on January 13, 2005, Haynes filed a motion in the trial court for post-conviction relief under New York Criminal Procedure Law § 440—the first of what would eventually be four such motions—raising two of the three claims he raises here, *viz*, that (i) his 1990 weapons possession conviction was not for a violent felony and, therefore, that his adjudication as a persistent violent felon was improper, and (ii) his lawyer rendered ineffective assistance in connection with his plea and sentence in that he failed to correctly advise him of his repeat-offender status and

---

[3] At sentencing, Philip B. Stone stood in for Robert DiDio, counsel at all prior appearances. Stone told the Court, "I have asked Mr. Haynes if I may stand up on the sentence under the circumstances and he's indicated . . . that he agrees that I may do so."  The Court made separate inquiry—"Mr. Haynes, you do in fact consent to Mr. Stone standing in as your attorney for the sentence?"—and Haynes replied, "Yes."  The "circumstances" are not described.

[4] The parties' papers reference a notice of appeal from the May 13, 2004 conviction dated June 3, 2004, and but also a November 16, 2004 motion for permission to file a late notice of appeal that was granted in January 18, 2005.  Neither of the notices is part of the state court record but it is not disputed that Haynes's direct appeal was treated as timely.

5

exposure, failed to adequately investigate the case, and failed to object to the apparent error on the predicate felony statement. The court rejected each of the claims on the merits. People v. Haynes, Ind. No. 6705/03, Slip. Op. (Kings Cty. Sup. Ct. Apr. 28, 2005) (Del Giudice, J.)

Addressing the fact that "the letter 'N' (apparently denoting 'No') is typed in the 'Predicate VFC' column next to the listed May 2, 1990 conviction of Criminal Possession of a Weapon in the Third Degree," the 440 court concluded that the notation "appears to be a clerical error." Id. at 4. The court specifically found that, "[n]otwithstanding that apparent clerical error, all relevant court records, including the indictment and the plea and sentence minutes in connection with [Haynes's] May 2, 1990 conviction, confirm that the court, the prosecutor, defense counsel and [Haynes] were aware that [the] May 2, 1990 conviction of Criminal Possession of a Weapon in the Third Degree, under Penal Law Section 265.02(4), *i.e.*, possession of a loaded firearm, not in defendant's home or place of business, constituted a prior violent felony conviction." Id.[5] The court concluded, therefore, that "the negotiated sentence of 13 years to life . . . is both lawfully imposed and valid as a matter of law." Id.

The 440 court also rejected Haynes's ineffectiveness claims. In its decision, the court first furnished a two-page factual synopsis of the proceedings over which it presided, id. at 2-3, and then concluded that, "the record is clear that [Haynes] received effective assistance of

---

[5] To place these findings in context: at the relevant time, subdivision 4 of section 265 defined, as a category of third degree criminal possession of weapon, the possession of a loaded firearm outside one's home or business, and for sentencing purposes, a that offense was a class D violent felony under the version of N.Y. Penal Law § 70.02(1)(c) then in effect. By contrast, subdivision (1) of section 265.02 defined simple possession of a weapon in the fourth degree and was not a violent felony. Id. Subdivision 4—but not the entire section—was repealed November 1, 2006, see L. 2006 c. 742 S. 8467, and the crime formerly defined there was upgraded from third-degree to second-degree criminal possession of a weapon, see N.Y. Penal Law § 265.03(3), and from a D to a C felony. See N.Y. Penal Law § 70.02(l)(b).

counsel in connection with the negotiated plea agreement, was adequately advised of his 'true status' as a mandatory persistent violent felony offender, and received the benefit of an advantageous plea bargain." Id. at 5.

    3. Motion to Re-argue the First 440. Approximately a year later, by papers dated April 19, 2005, Haynes moved to re-argue the 440 motion. The 440 court denied the motion, concluding that Haynes failed to show that the denial of 440 relief involved "any misapprehension of issues of fact or misapplication of controlling legal principles." People v. Haynes, Ind. No. 6705/03, Slip. Op. (King Cty. Sup. Ct. June 6, 2005). The Appellate Division, Second Department denied Haynes's application for leave to appeal, People. v. Haynes, 2005-05143 (2d Dep't July 20, 2005), and the New York Court of Appeals denied leave to appeal that denial. People v. Haynes, 5 N.Y. 3d 852 (Oct. 27, 2005).

    4. The First Federal Habeas Petition. Approximately two months later, in late 2005, Haynes filed a petition for habeas relief in this Court.[6] By letters dated January 17, 2006 and May 18, 2006, however, Haynes sought to withdraw the petition as premature on the ground that he had not yet perfected his direct appeal. By order dated June 28, 2006, this Court granted the request, and this civil matter was administratively closed.[7]

---

[6] Both November 23, 2005 and November 29, 2005 are cited in various papers as the date of filing, though the documents themselves bear "filed and received" stamps from the Clerk's office of December 9 and December 23, 2005. These minor discrepancies, however, do not affect the timeliness analysis. See infra at pp. 12-13.

[7] As her June 28, 2006 order explains, Magistrate Judge Bloom denied Haynes's initial application to withdraw out of an abundance of caution. Apparently it was not clear whether he had filed his notice of appeal in the appropriate department of the Appellate Division and Judge Bloom feared Haynes might leave himself without any forum.

5. <u>The Transferred Second Federal Petition</u>. This Court next heard from Haynes more than seven years later: on October 15, 2013, the United States Court of Appeals for the Second Circuit issued an order transferring here a proposed section 2254 petition that Haynes had filed there on September 5, 2013 with a motion for leave to file a successive habeas petition. The Circuit denied the motion as unnecessary on the ground that Haynes had withdrawn his prior petition in order to exhaust his state remedies. Upon issuance of the Circuit's mandate on December 9, 2013, our Clerk's office re-opened the matter.[8]

6. <u>The Second State-Court 440</u>.[9] After withdrawing his first federal petition, Haynes commenced a second 440 in state court in which he claimed that his plea was not knowing and voluntary and that his attorney was ineffective. The 440 court denied the motion "in all respects, on the ground that the issue of effective assistance of counsel was previously determined on the

---

[8] A minor wrinkle in the record requires brief remark. Two weeks after the Circuit's order transferring the 2013 petition to this Court—but before the issuance of the mandate pursuant to which the Clerk's office reopened the case—Haynes wrote this Court asking that "the Court not consider the petition before the Court as a second successive petition but, view it as the original petition." This Court responded to Haynes by letter advising him to specify whether he wished the Court to review his original, withdrawn petition or a new one, and if the latter, that he should arrange to send it to us; apparently, although the Court's letter *post*dates the Circuit's order transferring the "new" petition, it *pre*dates the mandate and the Court's actual possession of the new petition. Haynes has not responded to the letter but the Court treats the 2013 petition as reflective of Haynes's most current intentions and treats that document as the petition to be adjudicated. In any event, the Court has compared the 2005 and 2013 petitions concludes that they differ only in immaterial ways (format and wording) but not in the essential claims they advance. Finally, although the 2013 petition led to the re-opening of *this* 2005 civil matter rather than, as required by Magistrate Bloom's 2006 order, the opening of a new civil docket, the Court believes that directing the Clerk's office to open a new matter at this point in the proceedings would serve no valid end.

[9] Following the reopening of the case and at the Court's request, respondent furnished a supplemental affidavit updating the Court on the litigation Haynes undertook since withdrawing his 2005 petition, along with the records of those state proceedings.

8

merits upon [Haynes's] prior motion." People v. Haynes, Ind. 6705/03, Slip. Op. (Kings Cty. Sup. Ct. Sept. 19, 2007) at 1. The court also concluded, in any event, that Haynes "was in a position to raise the grounds or issues underlying the instant motion upon his prior CPL 440 motion" and further, "that the judgment [was then] pending on appeal and sufficient facts appear on the record to permit" adequate appellate review. Id. at 1-2.

7. Perfecting of the Direct Appeal. Approximately a month before the denial of Haynes's second 440, activity resumed in his appeal. In August 2007, Lynn W. L. Fahey, Esq. of Appellate Advocates filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on Haynes's behalf. The Anders brief argued (i) that Haynes's guilty plea was validly entered, (ii) that he was validly adjudicated a persistent violent felony offender, and (iii) that his waiver of his right to appeal precluded any challenge to his sentence as excessive. On the subject of the "N" beside the 1990 weapons conviction on the predicate felony statement, Fahey advised the Second Department that she had examined the original court records, including the indictment and plea minutes, and determined that, notwithstanding the "N," "there is no question" that Haynes had been convicted under the particular subdivision of the weapons possession statute that qualified as a "violent felony offense" under New York law.

Haynes filed a *pro se* supplemental appellate brief in which he challenged his guilty plea and adjudication as a persistent violent felon on the grounds raised in his first two 440 motions. His one new argument was that the 1990 weapons possession conviction did not qualify as a violent felony for the additional reason that he had been sentenced to probation on that conviction rather than to a sentence in excess of one year.

The Appellate Division, Second Department unanimously affirmed Haynes's conviction by summary order. People v. Haynes, 856 N.Y.S. 2d 886 (2d Dep't May 20, 2008). The

appellate court "agree[d] with [Haynes's] assigned counsel that there are no nonfrivolous issues which could be raised on appeal," and that "[t]he issues raised by [Haynes] in his supplemental pro se brief are precluded by his knowingly, intelligently and voluntarily executed waiver of his right to appeal." Id. at 886. Haynes did not seek leave to appeal to the New York Court of Appeals.

8. The Third 440. More than a year later, in September 2009, Haynes filed his third 440 motion in state court in which he re-asserted the claim that he was improperly adjudicated a persistent violent felony offender and also argued that his sentence was excessive. The court denied the motion on the ground that all the claims then raised had been previously determined on prior motions, but in any event re-affirmed that Haynes was "preclude[ed] from arguing that his sentence was unduly harsh or excessive" because he had "knowingly and voluntarily waived his right to appeal his plea and sentence." People v. Haynes, Ind. 6705/03, Slip. Op. (Kings Cty. Sup. Ct., Nov. 10, 2009) at 2. The court further concluded that "even if [it] were to consider" the claims on the merits, the motion was denied because Haynes's sentence was lawful. Id. at 3. The Appellate Division denied leave to appeal on October 14, 2010.

9. The Fourth 440 Motion and Appeal. Three months later, Haynes filed a fourth 440 motion in state court in which he again advanced his previously-advanced challenges to his adjudication as a persistent violent felon and the quality of his legal representation, and made the new claim that the sentencing scheme as applied to him violates Apprendi v. New Jersey, 530 U.S. 466 (2000). The court denied the motion on the ground that the issues raised had been previously determined, without reaching the Apprendi claim. People v. Haynes, Ind. 6705/03, Slip. Op. (Kings Cty. Sup. Ct., March 1, 2011). The Appellate Division granted leave to appeal, and in a 17-page brief Haynes again presented his challenge to his adjudication as a persistent

10

violent felon. In a unanimous decision affirming the denial of Haynes's fourth 440 motion, the Appellate Division rejected Haynes's challenge to his persistent violent felony adjudication on the merits. People v. Haynes, 937 N.Y.S.2d 891 (2d Dep't 2012). The Appellate Division held that "Penal Law § 70.08, New York's persistent felony offender statute pursuant to which [Haynes] was sentenced, is not unconstitutional," and that "[Haynes's] remaining contentions are without merit." Id. at 695. The New York Court of Appeals denied leave to appeal. People v. Haynes, 19 N.Y. 3d 961 (June 12, 2012).

## DISCUSSION

### A. Basic Federal Habeas Corpus Standards

Because Haynes's claims have been adjudicated on the merits in state court, to obtain federal habeas relief he must make one of the difficult showings required by the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"). See generally 28 U.S.C. § 2254(d). The Supreme Court recently re-affirmed that "AEDPA recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights . . . and are presumptively competent[] to adjudicate claims arising under the laws of the United States." Burt v. Titlow, __ U.S. __, 134 S. Ct. 10, 15 (2013). For this reason, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Id. at 16.

If advancing a claim of *legal* error, a federal habeas applicant must show that, in rejecting his claims, the state court either "directly contradict[ed] a holding of the Supreme Court," Evans. v. Fischer, 712 F.3d 125, 132 (2d Cir.) (internal quotation and citation omitted), cert. denied, __U.S. __, 134 S. Ct. 238 (2013), or considerably misapplied an explicitly on-point Supreme

11

Court holding. Burt, 134 S. Ct. at 16 ("AEDPA requires a state prisoner to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement") (internal quotation, citations and alterations omitted). The Supreme Court has made clear that, "[i]f this standard is difficult to meet—and it is—that is because it was meant to be," because federal courts "will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." Id. (internal quotations, citations and alterations omitted).

Alternatively, "AEDPA instructs that, when a federal habeas petitioner challenges the *factual* basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.'" Id., at 15 (emphasis added) (quoting 28 U.S.C. § 2254(d)(2)). Further, "[t]he prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" Id. (quoting 28 U.S.C. § 2254(e)(1)).

## B. Analysis

### 1. Threshold Question: Timeliness

Respondent understandably argues that the 2013 petition is untimely. Although the one-year limitations period is tolled during the time a properly filed application for state post-conviction review is pending, 28 U.S.C § 2244(d)(2), Haynes nevertheless allowed too much time to pass at a critical point in his litigation journey. Following the Appellate Division's May 20, 2008 affirmance of his judgment of conviction, Haynes did not file an application for leave to appeal to the New York Court of Appeals, so his judgment of conviction became final on or

about July 9, 2008 (thirty-five days after the State mailed notice of entry of the Appellate Division's decision, when the time for seeking such review expired, N.Y. CPL § 460.10(5)). See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012) (when prisoner does not pursue review in state's highest court, conviction becomes final when the time for seeking such review expires). Haynes did not file his next application for state post-conviction relief (which would have the effect of tolling the limitations period) until September 2009, more than a year after his conviction became final and the one-year limitations period expired. The current petition, filed in September 2013, is therefore patently untimely.

In any event, the procedural history of this case speaks for itself and so in the interests of justice the Court will nevertheless proceed to the merits with the hope of bringing closure to the claims that have fueled a decade of litigation. AEDPA's deferential requirements and the state court's decisions on Haynes's claims, however, obviate the need for an extensive merits discussion.

**2. Persistent Violent Felony Adjudication**

Haynes's principal challenge to his persistent felony offender adjudication is essentially a factual claim within the meaning of 28 U.S.C. § 2254(d)(2). As discussed, this Court's role when presented with such a claim is not to find facts *de novo* but instead to decide whether the petitioner has shown that the state court's findings are unreasonable or has rebutted their statutory presumption of correctness by clear and convincing evidence.[10] The Court concludes

---

[10] In Wood v. Allen, 558 U.S. 290, 293 (2010), the Supreme Court declined to address the relationship between the standard of section 2254(d)(2)—which requires a petitioner to show that the state court decision was "based on an unreasonable determination of the facts"—and the standard of 2254(e)(1)—which requires a petitioner to overcome a factual finding's presumption of correctness by clear and convincing evidence, and two years later, in Burt, the Court again

that Haynes has not made the showing AEDPA requires for habeas relief on this claim. Indeed, nothing in the extensive record—which includes all the referenced documents relating to the 1990 conviction and 2004 persistent felon adjudication—suggests a basis for disturbing the state court's finding that Haynes's 1990 conviction was for a violent felony. Haynes's reliance on a Certificate of Disposition for his 1990 conviction that he obtained in 2006 from the Kings County Clerk's office, which has the numbers "01" beside section 265.02, is not to the contrary. Although the certificate understandably fuels Haynes's claim that he was convicted under the former section 265.02(1) (simple possession in the fourth degree and not a felony), the certificate does not alter the conviction documents (the plea minutes and indictment), which control. The presence of "01" on the certificate appears to reflect a record-keeping fortuity in the state system with which this Court is already familiar. See Green v. Walsh, 2010 WL 3037000 (E.D.N.Y. Aug 3, 2010), aff'd, 460 Fed. App'x 71 (2d Cir.), cert. denied, 132 S. Ct. 2695 (2012).

To the extent Haynes's challenge to New York's interpretation and application of its own sentencing laws is a claim of legal error within the meaning of 2254(d)(1), it is doubtful that the claim is even cognizable. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); 28 U.S.C. § 2254(a) (federal courts may entertain a state prisoner's application for a

---

declined to "define[] the precise relationship between § 2254(d)(2) and § 2254(e)(1)." 134 S. Ct. at 15. The Second Circuit, likewise, has twice declined to reach the issue. See Jones v. Murphy, 694 F.3d 225, 238 n. 4 (2d Cir. 2012), cert. denied, 133 S. Ct. 1247 (2013) and Garguilio v. Heath, 586 Fed. App'x 764, 766 n. 1 (2d Cir. Oct. 10, 2014). The outcome here, however, does not depend on choice of standard.

writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). In any event, Haynes has not shown that the state court's rejection of his challenge to his persistent felon adjudication directly contravened, or unreasonably applied, the holding of any Supreme Court case.

To the extent Haynes is continuing to press his claim that the 1990 conviction does not count as a violent felony because he received only a probationary sentence instead of a term of incarceration of one year or more, that claim likewise fails to present a basis for federal habeas relief.[11]

### 3. *Apprendi*

The Appellate Division's rejection of Haynes's Apprendi claim is not contrary to or an unreasonable application of Supreme Court law. To the contrary, it is entirely consistent with Apprendi, which expressly excludes "the fact of a prior conviction" from its rule requiring that certain penalty-enhancing facts be submitted to a jury and proved beyond a reasonable doubt.

---

[11] As noted above, Haynes presented this claim on direct appeal. The Appellate Division's rejection of the claim on the ground that Haynes's waiver of his right to appeal barred the sentencing challenge is an independent and adequate state law ground likewise barring federal habeas review except in limited circumstances not present here. See generally Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (habeas court may not review a state prisoner's federal claim denied in state court on an independent and adequate state law ground); Coleman v. Thompson, 501 U.S. 722, 749-50 (1991) (such claims reviewable only if prisoner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," i.e., that he is actually innocent); Alvarez v. Yelich, 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012) ("Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief") (collecting cases). Although the Appellate Division's adoption of the Anders brief's assertion that the appeal did not present any non-frivolous issues could be interpreted as a rejection of the claim on the merits, the claim is, in any event, a non-starter: the language in the Penal Law on which Haynes relies, which defines a violent felony as one for which a term of imprisonment of one year or more is authorized, applies only to the branch of the definition addressing convictions, unlike Haynes's, which were obtained *outside* New York State. See P.L. § 70.04 (1)(b)(i).

Apprendi, 530 U.S. at 490. See also Kelly v. Lee, 2014 WL 4699952 at *13 n. 12 (E.D.N.Y. Sept. 22, 2014) ("The Court notes that courts in this Circuit routinely reject Apprendi challenges to New York's persistent violent felony offender statute") (collecting cases).

### 4. Ineffective Assistance of Counsel

To prevail on an ineffectiveness claim, a criminal defendant must show that counsel's performance fell below an objective standard of reasonableness and that the alleged deficiency affected the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on such a claim in a federal habeas petition is especially difficult where, as here, the state court has rejected the ineffectiveness claim on the merits, because the applicant must overcome the double deference that Strickland and AEDPA together require. See e.g., Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) ("review of [state court]'s decision is thus doubly deferential [because] [w]e take a highly deferential look at counsel's performance [under Strickland] through the deferential lens of § 2254(d)") (internal quotations and citations omitted).

Haynes has not made the factual or legal showing required for the issuance of the writ on the basis of his ineffectiveness claims. He has shown neither that the state court's view of the facts relating to counsel's performance was unreasonable within the meaning of Section 2254(d)(2), nor that the state court's rejection of his ineffectiveness claim was contrary to or an unreasonable application of Strickland's standards. Based on the facts, Haynes could not possibly show that any allegedly defective act, omission or decision of his attorney prejudiced the outcome of his criminal case.

5. **Request for a Stay**

By letter dated October 27, 2014, Haynes requests that his petition be stayed again in order to allow him to exhaust additional claims in state court. Additional litigation on this matter, however, would be redundant and futile, so the request is denied.

## CONCLUSION

For the reasons discussed, Ronald Haynes's application for relief under 28 U.S.C. § 2254 is denied as untimely and in any event as lacking in merit. His request for a stay to pursue additional state court litigation is denied as futile and redundant. Because Haynes has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
      February 25, 2015                            /s/ Judge Raymond J. Dearie

                                                             RAYMOND J. DEARIE
                                                             United States District Judge